

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN KINDERMANN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MERZ NORTH AMERICA, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:25-cv-16-CAB-SBC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Doc. No. 13]** |

On November 27, 2024, Plaintiff Ian Kindermann filed a complaint against Defendants Merz North America, Inc. ("Merz"), Patrick Urban, and Does 1–50 in the Superior Court of the State of California. Defendants filed a timely notice of removal with the Court, [Doc. No. 1], followed by a motion to dismiss. [Doc. No. 3.] Plaintiff filed an amended complaint ("FAC") and seeks damages under eight causes of action: (1) retaliation, (2) wrongful termination, (3) failure to pay wages earned and unpaid at separation, (4) failure to furnish accurate itemized wage statements, (5) unpaid wages, (6) breach of contract, (7) breach of implied covenant of good faith and fair dealing, and (8) gender discrimination. [*See* FAC.] Defendant filed a second motion to dismiss targeting the third through seventh causes of action of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 13.] The Court **GRANTS** the motion to dismiss.

## I. BACKGROUND

From 2019 to 2024, Plaintiff Ian Kindermann, a San Diego resident, was employed as a sales representative by Defendant Merz, a North Carolina based company. Plaintiff alleges that his compensation was heavily commission based and contingent on achieving sales quotas, which were defined by Field Sales Incentive Plans ("compensation plans") that Defendants required him to sign. [Doc. No. 6 ¶¶ 18–20.] Plaintiff's commission earnings were consistent in his initial years of employment before Defendants allegedly "implemented accounting adjustments" in May 2021 and May 2022 that artificially lowered Plaintiff's earnings by moving sales from the end of Quarter 4 to the next fiscal year's Quarter 1. [*Id.* ¶¶ 23–26.] Defendants reversed these adjustments in April 2023 which allegedly caused Plaintiff's quota to be unattainable. Further, in July 2023, Defendants allegedly added deficits in Q4 quotas to Q1 and Q2 quotas of the following fiscal year, which Plaintiff alleges penalized him. Plaintiff alleges that these quota changes violated prior agreements and caused him to be underpaid by approximately $175,000 from Q4 2023 to Q2 2024. Defendant Patrick Urban as president of Merz's U.S. division allegedly played a direct role in implementing the complained-of measures. Finally, Plaintiff complains that, given Defendants allegedly underpaid him, they did not provide him accurate wage statements and unlawfully withheld pay at separation.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (internal quotation marks omitted).  The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III.   DISCUSSION

#### A. Breach of Contract

Plaintiff asserts that he entered "into an employment contract" and "at least one written contract . . . regarding his compensation structure" with Defendant Merz, but they failed to compensate him pursuant to its terms.  [FAC ¶¶ 77–81.]  Defendants argue that Plaintiff fails to sufficiently allege, *inter alia*, what contract and specific provision is at issue.  The Court agrees.

A breach of contract claim under California law requires four elements: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011); *see also Casa Bella Recovery Int'l, Inc. v. Humana Inc.*, No. SACV 17-01801 AG (JDEx), 2017 WL 6030260, at *3 (C.D. Cal. Nov. 27, 2017).

Plaintiff argues that he established the existence of a contract by citing "Field Sales Incentive Plans" and that these plans outlined his commissions, defined his sales quotas, and established the terms of his compensation.  [Doc. No. 14 at 5.]  For this first element,

however, Plaintiff must allege *specific contractual provisions* that create the obligation that defendant allegedly breached. *See Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011). Though this could be accomplished by pleading the terms of the contract verbatim, or attaching the contract, it is not required—Plaintiff can also allege the substance of the relevant terms. *See N. Cnty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010). As Plaintiff has not attached a contract to his complaint nor provided any verbatim terms to the Court, he must adequately allege the substance of the relevant terms of the contract and provision that Defendant has allegedly breached. But he fails to do so.

First, Plaintiff states he entered an employment contract and multiple written compensation contracts with Defendants. [FAC ¶¶ 78–79.] He then asserts that he did "all of the significant things that the *contract* required him to do." [FAC ¶ 80 (emphasis added).] It is unclear which contract—of the multiple alleged—he refers to. In his opposing brief, Plaintiff argues that the written offer letter and the various compensation plans together form the written contract. [Doc. No. 14 at 5.] However, this assertion does not comport with how Plaintiff presents these various agreements. For example, in one section of the complaint, Plaintiff states that Defendants' sales deferments and quota changes, which constitute the alleged breach, "violat[ed] prior *agreements*." [FAC ¶ 28.] Aside from the fact that Plaintiff does not specify which agreements, he presents them here as distinct contracts rather than multiple documents operating as one contract.

Furthermore, Plaintiff fails to adequately allege either the terms or substance of the contractual provision which pertains to the sales deferments and quotas policy. *See McKell v. Washington Mut., Inc.,* 142 Cal.App.4th 1457, 1489 (2006) (finding that to plead a contract by its legal effect, rather than by its terms verbatim, plaintiff must allege the substance of its relevant terms, which "is more difficult . . . requir[ing] a careful analysis of the [contract], comprehensiveness in statement, and avoidance of legal conclusions."). To be sure, Plaintiff alleges that the offer letter and compensation plans generally outlined that he would receive a base salary plus bonuses and commission contingent on achieving

sales quotas. He also notes that the offer letter capped his commissions for the first three fiscal quarters but uncapped them for the fourth quarter. These general terms, however, do not sufficiently identify which contractual obligations Defendant breached by deferring sales from Q4 to the following fiscal year's Q1 for a company promotion, and making other alleged quota adjustments.

Indeed, Plaintiff merely alleges—very broadly—that a contract existed outlining the structure of his compensation with only one specification regarding commission caps. Without further details by Plaintiff, the Court cannot ascertain whether the contract created obligations for Defendant regarding the sales deferments and changes to the quota system, and if it did, what the terms or substance of those obligations were. *See Iglesia Cristiana Luz Y Verdad v. Church Mut. Ins. Co.*, No. 15-CV-05621-RMW, 2016 WL 692839, at *4 (N.D. Cal. Feb. 19, 2016) (dismissing breach of contract claim for insurance policies where the number of policies, their dates of formation, amount of coverage, and premiums charged were absent). Plaintiff's breach of contract claim is **DISMISSED** with leave to amend.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

"Where a breach of contract cannot be shown, there is no basis for finding a breach of the [implied] covenant [of good faith and fair dealing]." *San Diego Hous. Comm'n v. Indus. Indem. Co.*, 80 Cal.Rptr.2d 393, 403 (Cal. Ct. App. 1998). Because Plaintiff's breach of contract claim fails, his claim for breach of the implied covenant of good faith and fair dealing is **DISMISSED** with leave to amend. *See Marks v. UMG Recordings, Inc.*, No. 22-55453, 2023 WL 4532774, at *3 (9th Cir. July 13, 2023); *see also Diehl v. Starbucks Corp.*, No. 12-CV-2432 AJB (BGS), 2013 WL 12108658, at *6 (S.D. Cal. Oct. 16, 2013).

### C. Failure to Pay All Wages Earned and Unpaid at Separation

Defendants argue that Plaintiff fails to plead a claim for failure to pay wages under California Labor Code § 203, which penalizes employers for willfully failing to timely pay an employee wages due at separation. California Labor Code § 200 defines wages as "all

amounts for labor performed by employees . . . whether . . . fixed or ascertained by the standard of time, task piece, commission basis, or other method of calculation."

Defendants state that while Plaintiff "alleges that the modifications [Defendant] Merz made to its compensation policies made it more difficult for him to earn commissions" and "that his final paycheck was less than expect[ed]," he fails to allege that he did not receive any wages that were due. [Doc. No. 13-1 at 4–5.] Plaintiff counters that he pled (1) that Defendant Merz manipulated accounting figures and made unfair changes to Plaintiff's sales quotas, making them unattainable, and (2) but for these changes, Plaintiff would have satisfied his quota and been due an additional $175,000 in commissions.

Plaintiff concedes that he did not reach his sales quotas in the relevant fiscal quarters. Thus, the question of whether he was due additional commission wages fundamentally concerns whether Defendant Merz's sales deferments and quota changes violated an agreement or contract, which Plaintiff additionally alleges. However, as established above, Plaintiff fails to sufficiently plead his breach of contract claim.

Moreover, Defendants contend that California Labor Codes § 204 and §216, which Plaintiff cites but does not make clear he brings claims under, do not create private causes of action. Plaintiff appears to ignore that argument in his opposing brief. Defendant is correct. *See Pellegrini v. Huyssen, Inc.*, No. 3:17-CV-00135-CAB-JMA, 2017 WL 2908794, at *11 (S.D. Cal. July 7, 2017) ("[S]ection 204 of the California Labor Code does not provide for a private cause of action."); *see also Sauer v. Prudential Ins. Co. of Am.*, No. 2:11-CV-08699-JHN-RZ, 2011 WL 5117772, at *2 (C.D. Cal. Oct. 28, 2011) (finding that Section 216 does not authorize a private cause of action).

Accordingly, all claims under the third cause of action for failure to pay wages earned and unpaid wages at separation, and the fifth cause of action for unpaid wages, are **DISMISSED** with leave to amend.[1] Regarding any future dispositive motion, Plaintiff is advised to provide the Court with caselaw supporting its positions.[2]

### D. Failure to Furnish Accurate Itemized Wage Statements

Plaintiff alleges that Defendants knowingly and intentionally failed to provide him with itemized wage statements that indicated the correct wages earned, hours worked, and more, all in violation of Labor Code § 226. Plaintiff, however, does not specify which exact wage statement is inaccurate, and what the specific inaccuracies are. *See Dawson v. One Call Medical, Inc.*, No. 3:20-CV-01188-LAB-KSC, 2021 WL 5513516, at *6 (S.D. Cal. Sept. 21, 2021) ("To state a claim for an inaccurate wage statement, [Plaintiff] needs to allege facts supporting an inference that he received at least one wage statement containing inaccuracies."). Indeed, Plaintiff only alleges that "the *wage statements issued* do not indicate the correct amount of gross wages earned, total hours worked, or the net wages earned" without ever identifying the exact wage statements. [FAC ¶ 43 (emphasis added).] In his opposition to the motion to dismiss, Plaintiff asserts that the complaint "identifies specific deficiencies in [Defendant] Merz's wage statements," but then goes on to again highlight only broad and conclusory allegations of "errors in gross wages, total hours worked, [and] hourly rates." [Doc. No. 14 at 4.] Plaintiff's claim for failure to furnish accurate itemized wage statements is **DISMISSED** with leave to amend.

### E. Claims Against Defendant Patrick Urban

Plaintiff's sole allegation against Defendant Patrick Urban is that he "played a direct role in implementing [the complained-of] accounting practices, demonstrating a willful and

---

[1] The Court notes that under this third cause of action, Plaintiff alleges that Defendants required Plaintiff to work without "legally-compliant off duty" meal periods and rest periods. [FAC ¶ 65.] Plaintiff offers no facts for this one-off allegation, rendering it conclusory.

[2] Plaintiff cites one case, *Diaz v. Grill Concepts Servs., Inc.*, 23 Cal.App.5th 859 (2018), in opposing the motion to dismiss for the unpaid wages claims, and only does so for a simple restatement of the pleading standard for Section 203. [Doc. No. 14 at 3.]

systemic effort to deprive Plaintiff of earned wages." [FAC ¶ 33.] Plaintiff provides no other supporting facts. This is a wholly conclusory allegation insufficient to survive dismissal. *See Daniels-Hall*, 629 F.3d at 998. Moreover, in his opposition to the motion to dismiss, Plaintiff failed to address Defendants' challenge to the claims against Defendant Urban. Accordingly, the Court **DISMISSES** all claims against Defendant Urban with leave to amend. *See, e.g., Salois v. Medifast, Inc.*, No. 17-CV-1810-GPC (NLS), 2018 WL 1083466, at *6 (S.D. Cal. Feb. 28, 2018) (finding claim is abandoned and dismissal is appropriate where plaintiff did not address arguments against the claim raised in motion to dismiss); *see also Silva v. U.S. Bancorp*, No. 5:10-CV-1854-JHN, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.").

### F. Initial Motion to Dismiss

After Defendants filed a motion to dismiss his original complaint, Plaintiff filed an amended complaint. "[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). As Plaintiff's original complaint is no longer operative, Defendants' initial motion to dismiss is **DENIED as MOOT**. [Doc. No. 3]; *see Price v. Synapse Group, Inc.*, No. 16-CV-01524-BAS-BLM, 2016 WL 9344094, at *1 (S.D. Cal. Sept. 6, 2016) (denying defendant's motion to dismiss a first amended complaint after plaintiff filed a second amended complaint).

///
///
///

## IV. CONCLUSION

Defendants' motion to dismiss the third through seventh causes of action in Plaintiff's first amended complaint is **GRANTED**. [Doc. No. 13.] Defendants' motion to dismiss the initial complaint is **DENIED as MOOT**. [Doc. No. 3.] Plaintiff has until **May 8, 2025** to file an amended complaint. If Plaintiff elects not to amend, he may proceed with his first, second, and eighth causes of action, and Defendants shall answer by **May 22, 2025**.

It is **SO ORDERED**.

Dated: April 24, 2025

Hon. Cathy Ann Bencivengo
United States District Judge