UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN KINDERMANN, an Individual,<br><br>                          Plaintiff,<br><br>v.<br><br>MERZ NORTH AMERICA, INC., a<br>North Carolina Corporation; and<br>DOES 1 to 50,<br><br>                          Defendants. | Case No.: 3:25-cv-00016-CAB-SBC<br><br>**ORDER ON DEFENDANT MERZ NORTH AMERICA, INC.'S BRIEF IN SUPPORT OF ITS REQUEST FOR PERMISSION AUTHORIZING ALTERNATIVE SERVICE OF DEPOSITION SUBPOENAS** |

## I.    INTRODUCTION

Defendant Merz North America, Inc., requests permission to serve by e-mail, deposition subpoenas on two non-parties and former employees of Merz—Mikayla Harts and Susan Grant. (Dkt. No. 38.) For the reasons stated below, the motion is **GRANTED**.

## II.    PROCEDURAL HISTORY

At the Initial Discovery Dispute Conference held on February 26, 2026, Defendant requested the Court to serve deposition subpoenas on Mikayla Harts and Susant Grant by e-mail. (Dkt. No. 37.) Thereafter on March 5, 2026, Defendant filed a brief in support of its request to serve deposition subpoenas on Mikayla Harts and Susan Grant by e-mail. (Dkt. No. 38.)

## III.   FACTUAL BACKGROUND

For the reasons stated below, Defendant has been unable to effectuate personal service on both Mikayla Harts and Susan Grant.

### A. MIKAYLA HARTS

Mikayla Harts is a former employee of the Defendant. (Dkt. No. 38 at 2.) Both Ian Kindermann, the Plaintiff, and Harts reported to Regional Director Jeniffer Bailly. (*Id.*) Because Harts may be a key witness to Bailly's alleged mistreatment of Plaintiff, Defendant may face prejudice if unable to depose her. (*Id.* at 2-3.)

On February 9, 2026, Defendant properly noticed Plaintiff of its intent to depose Mikayla Harts via Remote Technology on February 23, 2026. (Dkt. No. 38-1 at 5.) Process servers have attempted service at Harts' home three times on three different dates. (*Id.* at 10-12.) Additionally process servicers conducted surveillance of Harts' home yet were unsuccessful in locating her. (*Id.* at 13-14.) Harts' occupation is in a field-based sales position which does not consist of a physical location where she could be served at her place of work. (*Id.* at 19.)

### B. SUSAN GRANT

Susan Grant is also a former employee of the Defendant. (Dkt. No. 38 at 3-4.) Because Grant may have accused Bailly of treating her poorly and creating a hostile work environment, Defendant may face prejudice if unable to depose her. (*Id.*)

On February 16, 2026, Defendant properly noticed Plaintiff of its intent to subpoena Grant for a deposition via Remote Technology on March 2, 2026. (Dkt. No. 38-1 at 22.) That same day, Merz's counsel contacted Grant's former counsel, Michelle Matheson, Esq., to ask if Matheson was authorized to accept service on Grant's behalf (*Id.* at 18.) On February 17, 2026, Matheson confirmed that she was authorized to accept service on Grant's behalf. (*Id.* at 18.) On February 18, 2026, Matheson informed Merz's counsel that Grant revoked the authority to accept service for her. (*Id.*)

Defendant's attempts at personal service have been unsuccessful thus far. (Dkt. No. 38 at 4.) Two attempts at personal service by two separate process servers have failed.

(Dkt. No. 38-1 at 28-32.) In total, five separate attempts, on three different days, have been unsuccessful. (*Id.*) Like Harts, Grant works in field sales and does not have a physical work location where she could be served. (*Id.* at 19.)

## IV.    LEGAL STANDARD

"Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Rule 45 should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This standard is interpreted to require personal service of non-parties. *BBK Tobacco & Foods LLP v. Skunk Inc.*, 2020 WL 619675, at *1 (D. Ariz. Feb. 10, 2020) ("Although personal service might, as a purely practical matter, have been the only way to accomplish 'delivery' in an earlier era, modern technology can often perform that task just as well in today's day and age."). Indeed, "a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. 2019). Alternative service includes e-mail or mail. *See*, *Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC*, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014).

## V.    DISCUSSION

The facts are in accordance with permitting alternative service by e-mail because (1) Defendant has diligently attempted to, yet unsuccessfully, effect personal service on both Harts and Grant; (2) Harts and Grant appear to be evading service; and (3) e-mail service ensures timely, fair notice and an opportunity to object or file a motion to quash.

### A. Alternative Service After Multiple Attempts and Failures

"[C]ourts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, *5 (N.D. Cal. 2015); *Youngevity Int'l Inc. v. Innov8tive Nutrition, Inc.*, 2025 WL 36169, at *1 (S.D.

3:25-cv-00016-CAB-SBC

Cal. Jan. 6, 2025) (permitting alternative service after the plaintiff made a diligent showing of its multiple attempts and failures to serve its subpoena).

Defendant has diligently attempted to serve both Harts and Grant but has been unsuccessful. Defendant process servers have attempted to serve Harts at her home three times on three different dates. (Dkt. No. 38-1 at 10-12.) Despite surveillance of Harts' home for several days, process servers have been unable to effectuate personal service. (*Id.* at 13-14.) Additionally, process servers have attempted five times on three different dates to effectuate personal service on Grant—each to no avail. (*Id.* at 28-32.) Ms. Grant at one point permitted her former counsel to accept service on her behalf; however, she promptly revoked that authorization. (*Id.* at 18.) Given that both Harts and Grant appear not to have a permanent work location, it is unclear if further attempts at personal service will be fruitful. (*Id.* at 19.) Accordingly, alternative service is appropriate in part because Defendant has diligently, but unsuccessfully, attempted personal service.

### B. Purposeful Evasion of Service

The Federal Rules of Civil Procedure are not to be "construed as a shield for a witness who is purposefully attempting to evade service." *Toni Brattin & Co.*, 2015 WL 1844056, at *3–4. In such situations, alternative service is appropriate when the non-party recipient is elusive. *Armed Forces Bank NA v. Dragoo*, 2018 WL 8621583, at *2 (D. Ariz. May 23, 2018).

Harts and Grant may be evading personal service. Harts is aware of Defendant's attempt to serve her with a subpoena. (Dkt. No. 38-1 at 17.) Despite Harts' awareness and surveillance of her home for several days by process servers, multiple attempts at service have failed at varying times during the day and evening. (*Id.* at 10-14.) Grant likewise is aware of Defendant's attempt to serve her, at one point even authorizing her former counsel to accept service on her behalf and then revoking authorization the next day. (*Id.* at 18.) Defendant thereafter attempted service on five separate occasions over the course of three days with no success. (*Id.* at 28-32.) Accordingly, alternative service is appropriate in part

3:25-cv-00016-CAB-SBC

as to not allow the Federal Rules of Civil Procedure to be used as a shield for the potential evasion of personal service.

### C. Ensuring Timely, Fair Notice and an Opportunity to Object or File a Motion to Quash

Courts increasingly permit alternative service so long as it is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Delta Air Lines, Inc.*, 2023 WL 9018986, at *4 (C.D. Cal. Dec. 4, 2023) (citations omitted). Alternative service by e-mail is an effective and efficient method of providing notice. *BBK Tobacco & Foods LLP*, 2020 WL 619675, at *1.

Alternative service will adequately notice Harts and Grant of their depositions and provide an opportunity to object. Defendant has confirmation of Harts' current e-mail address and Grant's current e-mail address. (Dkt. No. 38 at 7-8.) Defendant intends to send the Harts' subpoena to her current e-mail address and Grant's subpoena to her current e-mail address as well as her counsel's e-mail address. (*Id.*) Accordingly, alternative service is appropriate in part to ensure both Harts and Grant receive fair notice and have an opportunity to object or file a motion quash.

### VI.    CONCLUSION

Accordingly, after due consideration and for the reasons stated above, the Court **GRANTS** Defendant's Request for Permission Authorizing Alternative Service of Deposition Subpoenas. The Court authorizes Defendant to utilize e-mail to serve deposition subpoenas upon Harts and Grant.

**IT IS SO ORDERED.**

Dated: March 12, 2026

Hon. Steve B. Chu
United States Magistrate Judge

3:25-cv-00016-CAB-SBC